**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Donte H Harris,<br><br>           Petitioner,<br><br>v.<br><br>Barbara V Blanckensee,<br><br>           Respondent. | No. CV-20-00307-TUC-RM (EJM)<br><br>**REPORT AND RECOMMENDATION** |

Pending before the Court is Petitioner Donte Harris's pro se Petition Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus by a Person in Federal Custody ("Petition") (Doc. 1). Respondent filed a Response (Doc. 10), and Petitioner filed a Reply (Doc. 12).

As an initial matter, the Court notes that the proper respondent in an action for habeas corpus is the Petitioner's custodian, who, at the time this action was filed, was Barbara Von Blanckensee, warden of United States Penitentiary—Tucson. *See* 28 U.S.C. § 2242; *Rumsfeld v. Padilla*, 542 U.S. 426, 435–36 (2004). The Court takes judicial notice that Petitioner is currently incarcerated at USP—Allenwood, in Pennsylvania.[1] The Court

---

[1] The undersigned notes that Petitioner has failed to file and serve a notice of address change as required by LRCiv 83.3(d) and this Court's Service Order (Doc. 6). The undersigned used the Bureau of Prisons ("BOP") Inmate Locator to determine that Petitioner is currently incarcerated at USP—Allenwood.

Pursuant to the Court's Service Order (Doc. 6), failure to comply with the Order, including failure to notify the Court of a change of address, may result in dismissal of the action without further notice. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with an order of the Court). The undersigned submits that this action is therefore appropriate for dismissal for failure to prosecute (LRCiv 41.1), failure to notify the Court of address change (LRCiv 83.3), and failure to comply with an Order of the Court.

For the reasons explained below, the undersigned also finds that dismissal is

will substitute the warden of USP—Allenwood, Herman Quay, as Respondent pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

Pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure, this matter was referred to Magistrate Judge Markovich for a Report and Recommendation. For the reasons discussed below, the undersigned Magistrate Judge recommends that the District Court deny and dismiss the Petition.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Petitioner is serving an aggregate sentence of 13 years and 5 months imprisonment with a projected release date of August 9, 2024. (Doc. 13 Ex. A Attach. 1).

Petitioner filed his pro se Petition under 28 U.S.C. § 2241 for a Writ of Habeas Corpus on July 18, 2020. (Doc. 1). Petitioner alleges one ground for relief arguing that his Fifth Amendment due process rights were violated during a disciplinary hearing for Incident Report ("IR") No. 3025608 because he was denied: 1) access to documentary evidence relied on by the Disciplinary Hearing Officer ("DHO"); 2) exculpatory video recordings; 3) exculpatory witnesses; and 4) "a NIK test confirming the alleged Suboxone was in fact such." *Id.* at 4. Petitioner requests that the Court vacate the IR by ordering expungement and reinstating the 41 days of good conduct time that Petitioner was sanctioned with. *Id.* at 9.

Respondent requests that the Court deny and dismiss the Petition on the merits because Petitioner has failed to show that the Federal Bureau of Prisons ("BOP") violated his constitutional rights. (Doc. 10).

For the reasons explained below, the undersigned finds that Petitioner's claim lacks merit and that the Petition should be dismissed.

## II. ANALYSIS

### A. Jurisdiction

"Federal courts are always 'under an independent obligation to examine their own jurisdiction,' and a federal court may not entertain an action over which it has no

---

appropriate because the Petition should be denied on the merits.

- 2 -

jurisdiction." *Hernandez v. Campbell*, 204 F.3d 861, 865 (9th Cir. 2000) (quoting *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990)). "Generally, motions to contest the legality of a sentence must be filed under § 2255 in the sentencing court, while petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court." *Id.* at 864. Additionally, the judicial power of this and all federal courts is limited to actual cases or controversies. U.S. Const. art. III; *see also Flast v. Cohen*, 392 U.S. 83, 94 (1968); *Munoz v. Rowland*, 104 F.3d 1096, 1097 (9th Cir. 1997). A petition for writ of habeas corpus is moot where a petitioner's claim for "relief cannot be 'redressed by a favorable . . . decision' of the court issuing a writ of habeas corpus." *Burnett v. Lampert*, 432 F.3d 996, 1001 (9th Cir. 2005) (quoting *Spencer v. Kenna*, 523 U.S. 1, 7 (1998)). Therefore, a proper characterization of the petition is necessary to determine jurisdiction.

Here, Petitioner alleges that he was denied due process during disciplinary hearing proceedings resulting in loss of privileges and good conduct time. As such, Petitioner is challenging the manner, location, or condition of the execution of his sentence. It is well established that a § 2241 petition is the proper vehicle through which a federal prisoner challenges the manner or execution of a sentence. *See, e.g.*, *Hernandez*, 204 F.3d at 864; *Tucker v. Carlson*, 925 F.2d 330, 331 (9th Cir. 1991) (a prisoner's challenge to the "manner in which his sentence was executed . . . [is] maintainable only in a petition for habeas corpus filed pursuant to 28 U.S.C. § 2241").

At the time of filing the Petition, Petitioner was incarcerated at USP—Tucson in Arizona, and the Petition challenges the manner in which Petitioner's sentence was being executed in the District of Arizona. However, Petitioner is presently incarcerated at USP—Allenwood. While "jurisdiction attaches on the initial filing for habeas corpus relief, and it is not destroyed by a transfer of the petitioner and the accompanying custodial change[,]" *Francis v. Rison*, 894 F.2d 353, 354 (9th Cir. 1990) (citation omitted), "[d]istrict courts are limited to granting habeas relief 'within their respective jurisdictions.'" *Rumsfeld*, 542 U.S. at 442 (quoting 28 U.S.C. § 2241(a)). Thus, "in habeas challenges to present physical

confinement—'core challenges'—the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." *Id.* at 435. "The court issuing the writ must have personal jurisdiction over the custodian[, because w]ithout such jurisdiction, the court has no authority to direct the actions of the restraining authority." *Malone v. Calderon*, 165 F.3d 1234, 1237 (9th Cir. 1999). Here, the undersigned finds that the Court presumably lacks personal jurisdiction over Petitioner's current custodian at USP—Allenwood, which is located in the Middle District of Pennsylvania. *See Singh v. Wolf*, 2020 WL 4455468, at *3 (D. Ariz. Mar. 31, 2020) ("the district court's habeas jurisdiction is limited to the district's territory, such jurisdiction is determined by personal jurisdiction over the respondent within such territory (without benefit of long-arm service), and the proper respondent is normally the local warden where the petitioner is detained"), *report and recommendation adopted*, 2020 WL 2611208 (D. Ariz. May 22, 2020); *Divine v. Chavez*, 2009 WL 3722994, at *6 (D. Ariz. Nov. 4, 2009) (adopting report and recommendation wherein magistrate judge conducted personal jurisdiction analysis and determined that court lacked personal jurisdiction over Oregon respondent in § 2241 action).

While the Court could transfer this action to any other such court in which the action could have been brought, the undersigned finds that it is not in the interests of justice to transfer this matter. *See Miller v. Hambrick*, 905 F.2d 259, 262–63 (9th Cir. 1990) (holding that § 2241 petition was not moot where jurisdiction existed when petition was filed and applying 28 U.S.C. § 1631 to *sua sponte* order the district court to transfer the petition).[2] An inmate may be transferred to a different institution at any time, and the undersigned is mindful of avoiding a "ping-pong" effect where the § 2241 petition is transferred to a new court each time the petitioner is designated to a new institution. Moreover, as explained below, regardless of whether this action may be considered moot in this Court, the

---

[2] Further, transfer to the Middle District of Pennsylvania would not be appropriate because that court lacked jurisdiction at the time the Petition was filed. *See Cruz-Aguilera v. I.N.S.*, 245 F.3d 1070, 1074 (9th Cir. 2001) ("Transfer is appropriate under § 1631 if three conditions are met: (1) the transferring court lacks jurisdiction; (2) the transferee court could have exercised jurisdiction at the time the action was filed; and (3) the transfer is in the interest of justice.").

- 4 -

undersigned recommends that the Petition be denied on the merits.

### B. Exhaustion

"As a prudential matter, courts require that habeas petitioners exhaust all available judicial and administrative remedies before seeking relief under § 2241." *Ward v. Chavez*, 678 F.3d 1042, 1045 (9th Cir. 2012). "The requirement that federal prisoners exhaust administrative remedies before filing a habeas corpus petition was judicially created; it is not a statutory requirement." *Brown v. Rison*, 895 F.2d 533, 535 (9th Cir. 1990), *overruled on other grounds by Reno v. Koray*, 515 U.S. 50, 54–55 (1995). "Nevertheless, '[p]rudential limits, like jurisdictional limits and limits on venue, are ordinarily not optional.'" *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007) (quoting *Castro-Cortez v. INS*, 239 F.3d 1037, 1047 (9th Cir. 2001), *abrogated on other grounds by Fernandez-Vargas v. Gonzales*, 548 U.S. 30 (2006)). Here, Respondent concedes that Petitioner properly exhausted his administrative remedies prior to filing the instant § 2241 petition.

### C. Merits

The Ninth Circuit has made clear that jurisdiction over a petition filed pursuant to 28 U.S.C. § 2241 exists in a federal prison setting in three circumstances: (1) when a prisoner "claims that he has been denied good time credits without due process"; (2) when a prisoner claims "that he has been subjected to greater restrictions of his liberty, such as disciplinary segregation, without due process"; and (3) when a prisoner "seeks expungement of a disciplinary finding from his record if expungement is likely to accelerate the prisoner's eligibility for parole." *Bostic v. Carlson*, 884 F.2d 1267, 1269 (9th Cir. 1989), *overruled on other grounds by Nettles v. Grounds*, 830 F.3d 922 (9th Cir. 2016). Thus, a prisoner may only utilize a § 2241 petition when he is challenging the fact or duration of his custody with the traditional remedy being immediate or sooner release from custody. *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).

Here, Petitioner asserts in Ground One that his due process rights were violated during a disciplinary hearing for IR No. 3025608 that resulted in loss of good conduct time. (Doc. 1 at 4). Petitioner contends that he was denied: 1) access to documentary evidence

- 5 -

relied upon by the DHO; 2) exculpatory video recordings; 3) exculpatory witnesses; and 4) a "NIK" test confirming that the substance found in his cell was Suboxone. *Id.*

### i. Incident Report Disciplinary Proceedings

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). "Due process in a prison disciplinary hearing is satisfied if the inmate receives written notice of the charges, and a statement of the evidence relied on by the prison officials and the reasons for disciplinary action." *Zimmerlee v. Keeny*, 831 F.2d 183, 186 (9th Cir. 1987) (citing *Wolff*, 418 U.S. at 563–66). Additionally, "[t]he inmate has a limited right to call witnesses and to present documentary evidence when permitting him to do so would not unduly threaten institutional safety and goals." *Id.*

The minimal procedural requirements delineated in *Wolff* "are satisfied if some evidence supports the decision by the prison disciplinary board." *Superintendent, Massachusetts Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985). "Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence." *Id.* Rather, the court must ask "whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Id.* at 455–56. This "standard is minimally stringent[,]" requiring only that there is "some evidence" to support the final determination of guilt. *Cato v. Rushen*, 824 F.2d 703, 705 (9th Cir. 1987) (noting that while the Court in *Hill* characterized the evidence as "meager," it "found the record 'not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary'" (quoting *Hill*, 472 U.S. at 457)); *see also Howard v. Copenhaver*, 2015 WL 404092, at *5 (E.D. Cal. Jan. 28, 2015) ("The some evidence standard is a low threshold, and will be met even when evidence to the contrary is presented.").

Here, the record reflects the following: After a hearing on September 11, 2017, DHO Chambers found that Petitioner committed the prohibited act of possession of any drug not prescribed for the individual. (Doc. 10 Ex. B. Attach. 2 at 1–2). The record shows

that Petitioner received written notice of the charges and his rights before the DHO. *Id.* at 1, 4–5. Petitioner testified that he had "no comment" on the charges, waived his right to a staff representative, did not submit documentary evidence, waived his right to call witnesses, and did not complain of any procedural errors during the hearing. *Id.* at 1–2. The DHO relied on the IR detailing how an officer performing a routine search of Petitioner's cell found 37 individually wrapped pieces of an orange substance hidden in a toilet paper roll, which the officer suspected was Suboxone. *Id.* at 2; *see also* Ex. B Attach. 1. The DHO further relied on a memorandum from the staff pharmacist stating that the color and markers on the medication strips were consistent with Suboxone. Ex. B Attach. 1 at 4; Attach. 2 at 2. The DHO disallowed 41 days of good conduct time credit, placed Petitioner in disciplinary segregation for 60 days, and ordered loss of commissary, email, and visit privileges for 9 months. Ex. B Attach. 2 at 2. A copy of the DHO's report was delivered to Petitioner the following day. *Id.* at 3.

Petitioner filed an administrative remedy appeal and the Regional Director ordered the disciplinary action remanded for further review. (Doc. 10 Ex. B Attach. 3). The Regional Director found that the IR did not provide Petitioner "with specific evidence to allow him to prepare a proper defense to the charge" because the DHO had relied on evidence not included in the IR—the information regarding the positive identification of the substance by the staff pharmacist. The Regional Director directed that the IR should be rewritten to include this information and a rehearing conducted.

Following remand, the IR was rewritten to include the staff pharmacist's conclusion regarding the Suboxone and the matter was again referred for a disciplinary hearing. (Doc. 10 Ex. B Attach. 4). The record shows that Petitioner received written notice of the charges and his rights before the DHO, although he refused to sign the notices. *Id.* Attach. 5 & 6. A rehearing was held on October 30, 2017, and DHO Chambers again found that Petitioner committed the prohibited act of possession of any drug not prescribed for the individual. *Id.* Attach. 7 at 1–2. Petitioner denied the charges and stated that he had appealed the prior disciplinary hearing because of procedural error because the substance was never tested

and needed to be sent to an outside lab. *Id.* at 1. Petitioner waived his right to a staff representative, did not submit documentary evidence, and waived his right to call witnesses. *Id.* The DHO read the Regional Director's memorandum to Petitioner and informed Petitioner that all the evidence presented during the original hearing would be considered again on rehearing. *Id.* The DHO further informed Petitioner that the identification of the Suboxone by the staff pharmacist met the BOP's evidentiary standards and therefore gave no weight to Petitioner's statement that the substance required further testing or needed to be sent to an outside lab. *Id.* at 1, 3. The DHO again imposed sanctions and disallowed 41 days of good conduct time credit, placed Petitioner in disciplinary segregation for 60 days, and ordered loss of commissary, email, and visit privileges for 9 months. *Id.* at 4. Petitioner received a copy of the DHO's report on November 3, 2017. *Id.*

The record reflects that the DHO's decision was based on "some evidence" (i.e., the reporting officer's conclusion that, based on his correctional experience, the small pieces of unknown substance could be Suboxone, and the staff pharmacist's memorandum that the orange color and white markings on the medication strips were consistent with Suboxone) and *Wolff's* procedural requirements were met. Therefore, Petitioner was afforded due process.

While Petitioner alleges generally that he was denied access to documentary evidence relied on by the DHO, video recordings, and exculpatory witnesses, Petitioner provides no further information or evidence to substantiate this claim. Nor does he specify what material information witnesses would have testified to. Further, there are no references in the DHO's reports indicating that Petitioner wished to have witnesses or to present documentary evidence. Thus, Petitioner's argument is without merit. He was able to provide a statement and he fails to argue why this was insufficient. *See, e.g.*, *Melnik v. Dzurenda*, 14 F.4th 981, 986 (9th Cir. 2021) ("a prisoner's right to access and prepare evidence for a disciplinary hearing is not unlimited nor unfettered"); *Witkin v. Arnold*, 757 F. App'x 561, 563 (9th Cir. 2018) ("There is no denial of due process in denying a party leave to call witnesses if the party provides no basis in the record demonstrating the

witnesses have relevant testimony."); *Allen v. Montgomery*, 2020 WL 5887015, at *18 (C.D. Cal. July 28, 2020) ("A prisoner's right to call witnesses and present documentary evidence at a disciplinary proceeding is not absolute."), *report and recommendation adopted*, 2020 WL 5989187 (C.D. Cal. Oct. 8, 2020); *see also Melnik*, 14 F.4th at 990–92 (Bennet, J., dissenting) (agreeing with majority's opinion that inmates have a qualified right to access the prison's evidence against them in a disciplinary proceeding, but rejecting majority's suggestion that *Wolff* "implicitly recognized a prisoner's right to compile evidence in his defense" and finding that neither the Supreme Court's decision in *Wolff* nor any other published Ninth Circuit case clearly establishes a prisoner's right to access the prison's evidence).

Further, while Petitioner states in his Reply that he contests whether he received notice of the rehearing, whether witnesses and an exculpatory video were allowed, and whether he received a written statement of the DHO's findings and evidence relied on, the undersigned rejects these assertions as incredible. The record reflects that the IR was rewritten on October 24, 2017 and a copy was provided to Petitioner that same day. (Doc. 10 Ex. 2 Attach. 4). The following day, Petitioner was brought before the Unit Disciplinary Committee, which provided Petitioner with notice of the rehearing before the DHO and a copy of his rights, but Petitioner refused to sign the forms. *Id.* Attach. 5 & 6. The DHO rehearing was held on October 30, 2017, and a copy of the DHO's report was delivered to Petitioner on November 3, 2017. *Id.* Attach. 7. The DHO's report indicates that Petitioner did not elect to call any witnesses and did not have any documentary evidence to present. *Id.* Thus, despite Petitioner's claims to the contrary, the record is devoid of any evidence to support Petitioner's alleged due process violations.

Further, Petitioner offers no reason to think that he might have been found not guilty of the charged violation if he had been afforded more generous procedural benefits during the DHO proceedings and thus cannot show prejudice. *See Allen v. von Blanckensee*, 2019 WL 3308518, at *2 (D. Ariz. June 26, 2019) (finding that even if petitioner's allegations that he was prevented from requesting witnesses and presenting evidence were true,

petitioner could not establish a due process violation because he failed to establish proof of prejudice), *report and recommendation adopted*, 2019 WL 3307006 (D. Ariz. July 23, 2019); *Tien v. Sisto*, 2010 WL 1236308, at *4 (E.D. Cal. Mar. 26, 2010) ("While neither the United States Supreme Court or the Ninth Circuit Court of Appeals has spoken on the issue, numerous federal Courts of Appeals, as well as courts in this district, have held that a prisoner must show prejudice to state a habeas claim based on an alleged due process violation in a disciplinary proceeding."); *Adams v. Fed. Bureau of Prisons*, 2011 WL 7293381, at *2 (D. Minn. Dec. 6, 2011) ("On a repeated and consistent basis, federal courts hold that in prison disciplinary cases, '[e]ven if a prison official's actions create a potential due process violation, a habeas petitioner needs to demonstrate that he was harmed by the violation in order to obtain relief.'" (citation omitted)), *report and recommendation adopted*, 2012 WL 503798 (D. Minn. Feb. 14, 2012). Thus, to the extent any procedural errors did occur during the DHO disciplinary proceedings, any error was harmless, as Petitioner has offered no reason to believe that any such errors affected the outcome of the proceedings.

In sum, the record before the Court indicates that Petitioner received written notice of the charges, had the opportunity to call witnesses and present documentary evidence, waived his right to a staff representative, and received a statement of the evidence relied on by the prison officials and the reasons for disciplinary actions. The DHO considered Petitioner's statements, written reports and other supporting memoranda, and photographs of the substance found in Petitioner's cell. In both the original hearing and rehearing, the DHO found that, based on the weight of the evidence, Petitioner committed the prohibited act. The requirements of due process are satisfied if "there [is] some evidence from which the conclusion of the administrative tribunal could be deduced . . . ." *Hill*, 472 U.S. at 455 (citation omitted). Here, during each disciplinary proceeding, the DHO considered and weighed the evidence in reaching his conclusion.

Thus, in light of the foregoing, the undersigned finds that the due process requirements delineated by *Wolff* were met in this case. *See Cato*, 824 F.2d at 705.

Additionally, the undersigned finds that "some evidence" supports the DHO's findings and "the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary." *Hill*, 472 U.S. at 457. Accordingly, the undersigned recommends that the District Court deny Petitioner's Ground One claim.

### III.   RECOMMENDATION

For the reasons delineated above, the Magistrate Judge recommends that the District Judge enter an order:

(1)   **SUBSTITUTING** Herman Quay, Warden, as Respondent for Barbara Von Blanckensee pursuant to Rule 25(d) of the Federal Rules of Civil Procedure and Rule 43(c)(2) of the Federal Rules of Appellate Procedure; and

(2)   **DENYING** and **DISMISSING** Petitioner's Petition under 28 U.S.C. § 2241 for a Writ of Habeas Corpus. (Doc. 1).

Pursuant to 28 U.S.C. § 636(b) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, any party may serve and file written objections within fourteen (14) days after being served with a copy of this Report and Recommendation. A party may respond to another party's objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b)(2). No replies shall be filed unless leave is granted from the District Court. If objections are filed, the parties should use the following case number: **CV-20-307-TUC-RM**

Failure to file timely objections to any factual or legal determination of the Magistrate Judge may result in waiver of the right of review. The Clerk of the Court shall send a copy of this Report and Recommendation to all parties. To ensure that Petitioner receives a copy of this Report and Recommendation, the Clerk's Office shall mail Petitioner a copy of the Report and Recommendation at his current address:

USP Allenwood

U.S. Penitentiary

P.O. Box 3000

White Deer, PA 17887

Dated this 9th day of March, 2022.

*Eric J. Markovich*
United States Magistrate Judge