IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Donte H Harris,<br><br>　　　　Petitioner,<br><br>v.<br><br>Barbara V Blanckensee,<br><br>　　　　Respondent. | No. CV-20-00307-TUC-RM<br><br>**ORDER** |

　　　　On March 9, 2022, Magistrate Judge Eric J. Markovich issued a Report and Recommendation (Doc. 14), recommending that this Court (1) substitute Herman Quay, Warden, as Respondent in place of Barbara VonBlanckensee pursuant to Rule 25(d) of the Federal Rules of Civil Procedure and Rule 43(c)(2) of the Federal Rules of Appellate Procedure, and (2) dismiss Petitioner's Petition under 28 U.S.C. § 2241 for a Writ of Habeas Corpus (Doc. 1).  No objections to the Report and Recommendation were filed.

　　　　A district judge must "make a de novo determination of those portions" of a magistrate judge's "report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  The advisory committee's notes to Rule 72(b) of the Federal Rules of Civil Procedure state that, "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" of a magistrate judge.  Fed. R. Civ. P. 72(b) advisory committee's note to 1983 addition.  *See also Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999) ("If no objection or only partial objection is made, the

district court judge reviews those unobjected portions for clear error."); *Prior v. Ryan*, CV 10-225-TUC-RCC, 2012 WL 1344286, at *1 (D. Ariz. Apr. 18, 2012) (reviewing for clear error unobjected-to portions of Report and Recommendation).

The Court has reviewed Magistrate Judge Markovich's Report and Recommendation, the parties' briefs, and the record. The Court will adopt Magistrate Judge Markovich's recommendation to deny Petitioner's § 2241 Petition on the merits. However, the Court declines to substitute the Respondent in this action. No party has requested that relief, nor have the parties briefed the issue. Petitioner properly named as the Respondent the warden of the facility at which he was confined when he filed his § 2241 Petition. *See Johnson v. Reilly*, 349 F.3d 1149, 1153 (9th Cir. 2003). The Court's "jurisdiction attaches on the initial filing for habeas corpus relief, and it is not destroyed by a transfer of the petitioner and the accompanying custodial change." *Francis v. Rison*, 894 F.2d 353, 354 (9th Cir. 1990). "[W]hen the Government moves a habeas petitioner after she properly files a petition naming her immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release." *Rumsfeld v. Padilla*, 542 U.S. 426, 441 (2004). Given ambiguity in the case law, and the lack of briefing on the issue, the Court declines to substitute the current Respondent for a warden outside this Court's jurisdiction.

Accordingly,

**IT IS ORDERED** that the Report and Recommendation (Doc. 14) is **accepted and adopted** to the extent it recommends denying Petitioner's § 2241 Petition on the merits.

**IT IS FURTHER ORDERED** that the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) is **dismissed**. The Clerk of Court is directed to enter judgment accordingly and close this case.

. . . .

. . . .

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail a copy of this Order to Petitioner at the following address:

    USP Allenwood
    U.S. Penitentiary
    P.O. Box 3000
    White Deer, PA 17887

Dated this 13th day of April, 2022.

_____
Honorable Rosemary Márquez
United States District Judge